IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLLEGIATE LICENSING COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA, GREAT DIVIDE INSURANCE COMPANY, ALLIED WORLD NATIONAL ASSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and LEXINGTON INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION FILE

NO. 1:11-cv-03432-TWT

**ALLIED WORLD NATIONAL ASSURANCE COMPANY'S RESPONSE IN OPPOSITION TO COLLEGIATE LICENSING COMPANY'S MOTION FOR "EMERGENCY" HEARING**

Allied World National Assurance Company ("Allied World") respectfully submits this limited response in opposition to plaintiff Collegiate Licensing Company's ("CLC") December 19, 2011 motion seeking an "emergency" hearing on its motion to enjoin primary carriers Allied World, American Casualty Co. of Reading Pennsylvania ("American Casualty") and Great Divide Insurance Company ("Great Divide") from filing complaints in intervention in the California

1

Coverage Action (*National Union Fire Insurance Company of Pittsburgh, Pa., et al. v. Electronic Arts, Inc., and CLC*, Northern District of California, Case No. C11-04897.) (Dkt. No. 44).

For the reasons stated herein, CLC is entitled to neither an emergency hearing nor order. CLC has not made, and cannot make, the requisite showing entitling it to emergency relief under the present facts. To the extent any hearing is necessary, it should proceed only after the transfer motions are fully briefed.

1. <u>The Issues Raised by CLC's Injunction Motion Are Now Moot</u>

Six days after primary carrier National Union initiated the California Coverage Action, CLC filed the present action in Georgia against its remaining primary carriers.[1] In order to prevent the risk of inconsistent rulings and waste of judicial resources created thereby, Allied World, American Casualty, and Great Divide moved for leave to intervene into the California Coverage Action so that a complete disposition could be obtained. (Request for Judicial Notice ["RJN"] Exs. A – C.).

CLC opposed the motions to intervene in the California Coverage Action (RJN Exs. D – E) while simultaneously seeking an order from this Court enjoining

---

[1] For purposes of expediency, as well as brevity, Allied World does not include a full recitation of the factual background but instead refers the Court to the facts set forth in Allied World's Motion to Transfer or Stay this Action (Dkt. No. 51) as well as Allied World's Opposition to CLC's Motion to Enjoin (Dkt. No. 62), which are incorporated herein by reference.

2

Allied World, American Casualty, and Great Divide from intervening. (Dkt. Nos. 27, 44). In compliance with the California Coverage Action court's December 14, 2011 order granting Allied World's motion to intervene, Allied World filed its complaint in intervention on December 15, 2011, effectively mooting CLC's motion. (RJN Exs. F and L).

As raised in Allied World's opposition to CLC's estoppel motion, if this Court "determines that a likelihood of substantial overlap exists between the two suits," resolution of the question of whether both actions should be allowed to proceed does not rest here. *Marietta Drapery & Window Coverings Co., Inc. v. North River Ins. Co.*, 486 F.Supp. 2d 1366, 1370 (N.D. Ga.2007) ("*Marietta Drapery*"); *Citing Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir.1999). "Rather, 'the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.'" *Id;* see also, *Woo v. Nike, Inc.*, 2010 WL 1565526 at *2 (N.D. Ga.2010) (holding that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.).

Here, the court in the first filed California Coverage Action has already issued its ruling. As noted by CLC, Allied World moved to intervene alternatively both as a matter of right and permissively. Significantly, CLC opposed each

3

alternative by arguing that the court in the California Coverage Action should defer to the Georgia Coverage Action. Accordingly, in granting Allied World's motion to intervene, the court in the California Coverage Action implicitly rejected CLC's first filed argument. (RJN Ex. F).

By its ruling, the California Coverage Action court effectively found that the only "later-filed defensive action" here is the present Georgia Coverage Action filed by CLC. More importantly, based upon the California Coverage Action court's ruling, CLC's motion is now moot.

2. There is No "Emergency"

CLC seeks extraordinary relief based upon Northern District of Georgia Local Rule 7.2B, which provides:

> Upon written motion and for good cause shown, the court may waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure. The motion shall set forth in detail the necessity for such expedited procedure.

Not only has CLC failed to "set forth in detail the necessity for such expedited procedure," CLC failed to show any "good cause" whatsoever.

A simple review of the docket for the California Coverage Action illustrates that there are no exigent circumstances justifying emergency relief. (RJN Ex. G). As outlined above, the California Coverage Action court already granted the motions to intervene and Allied World filed its complaint in intervention in

compliance with that order.  Moreover, no dispositive motions have been filed or are in danger of being ruled upon.  *Id*.  Indeed, the matter is not yet even at issue.  *Id*.

The only issue presently before the California Coverage Action is EA's motion to stay the proceedings and CLC's joinder thereto.  (RJN Exs. G – I).  The stay motion can hardly provide the basis for any alleged "need" to hold an emergency hearing, however, as it is not set for hearing until January 23, 2012. (RJN Ex. G).

A hint of the motivation behind CLC's feigned "exigency" is found in footnote 1 of CLC's latest motion, which accurately informs this Court that Allied World filed an opposition to EA and CLC's joint motion to stay the California Coverage Action, but fails to mention that hours before CLC appealed to this Court for emergency relief, Allied World also filed a motion in the California Coverage Action affirmatively seeking an order that CLC is judicially estopped from seeking a stay.  (RJN Exs. J – K).

As anticipated by Allied World, CLC seeks to gain an unfair advantage by using the separately filed coverage actions to advance inconsistent arguments.  As pointed out in Allied World's opposition, CLC cannot be permitted to claim in the California Coverage Action that it would face "significant prejudice and burdens" if it were forced to litigate coverage issues before the underlying actions are

resolved, at the same time that CLC initiated this action for that very same purpose. The judicial estoppel doctrine prevents such an inequitable outcome.[2]

CLC's gamesmanship, the sole reason for CLC's rush, cannot provide the requisite good cause for the relief sought here.

3. Any Hearing or Ruling Must Follow Full Briefing on the Transfer Motions

In the context of ruling upon a motion to enjoin a second suit in another jurisdiction, the Northern District of Georgia noted that its "uppermost duty" was to "determine which of the two courts should handle the two claims which are pending in different forums" with the primary goal of avoiding "a wasteful expenditure of judicial resources and a risk of inconsistent adjudications." *Blessing v. Norman*, 646 F.Supp. 82, 84 (N.D. Ga.1986).

By filing the motion to enjoin here, CLC merely re-raised the choice of forum issue under another caption. As "transfer is the only means at this juncture of fulfilling the goal of resolution in a single lawsuit of the related disputes of the

---

[2] Allied World's full judicial estoppel argument is found in Allied World's Estoppel Motion (RJN. Ex. K) which is based upon, *inter alia*, the following case authority: *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 783 (9th Cir. 2001) (Judicial estoppel serves to protect against a party playing "fast and loose" with the courts); and *Patriot Cinemas, Inc. v. General Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir. 1987) ("judicial estoppel should be employed when a litigant is playing fast and loose with the courts and when intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.").

parties," Allied World believes that this Court should ultimately transfer or stay this matter in deference to the first filed California Coverage Action. *Id*. at 85. In any event, however, the issue is not ripe for ruling or hearing until it is fully briefed.

The transfer motions will be fully briefed in early January 2012. As no substantive issues will be addressed in the California Coverage Action prior to that time, there is no reason that any ruling or hearing on this issue cannot await such complete briefing.

In summary, Allied World respectfully requests that this Court deny CLC's motion to enjoin as well as CLC's motion granting an immediate hearing or order. In any event, Allied World respectfully requests that any hearing or order follow full briefing of the transfer issues.

Respectfully submitted this 20th day of December, 2011.

*/s/ Wayne D. Taylor*
WAYNE D. TAYLOR
Georgia State Bar No. 701275
MOZLEY, FINLAYSON &
LOGGINS, LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342
Tel:  (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com

MARY P. MCCURDY *(Pro Hac Vice)*
LAURA J. RUETTGERS *(Pro Hac Vice)*
McCurdy & Fuller LLP
4300 Bohannon Dr., Suite 240
Menlo Park, CA 94025
Tel:  (650) 618-3500
Fax: (650) 618-3599
laura.ruettgers@mccurdylawyers.com

*Attorneys for Defendant Allied World*
*National Assurance Company*

## **CERTIFICATION PURSUANT TO RULE 7.1**

Counsel for defendant Allied World National Insurance Company hereby certifies that this pleading has been prepared using Times New Roman 14 point, one of the font and point selections approved by the Court in L.R. 5.1C.

Respectfully submitted this 20th day of December, 2011.

>  */s/ Wayne D. Taylor*
>  WAYNE D. TAYLOR
>  Georgia Bar No. 701275
>  RUTH M. PAWLAK
>  Georgia Bar No. 045810

MOZLEY, FINLAYSON & LOGGINS, LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
Tel:  (404) 256-0700
Fax: (404) 250-9355

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COLLEGIATE LICENSING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | |
| | ) | NO. 1:11-cv-03432-TWT |
| AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA, GREAT DIVIDE INSURANCE COMPANY, ALLIED WORLD NATIONAL ASSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY; and LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **ALLIED WORLD NATIONAL ASSURANCE COMPANY'S RESPONSE IN OPPOSITION TO COLLEGIATE LICENSING COMPANY'S MOTION FOR "EMERGENCY" HEARING** using the Court's CM/ECF System, which will automatically send a copy of same to the following counsel of record:

| | |
|---|---|
| Brent W. Brougher, Esq. | John C. Bonnie, Esq. |
| Ellen P. McCarley | Weinberg Wheeler Hudgins Gunn |
| Kilpatrick Townsend & Stockton LLP | & Dial, LLC |
| 1100 Peachtree Street, Suite 2800 | 3344 Peachtree Road, NE |

Atlanta, GA 30309-4528
bbrougher@kilpatricktownsend.com
emccarley@kilpatricktownsend.com

David M. Leonard, Esq.
Brooke Lewis, Esq.
Carlton Fields, PA
One Atlantic Center, Suite 300
1201 W. Peachtree Street
Atlanta, GA 30309
dleonard@carltonfields.com
blewis@carltonfields.com

Kenan G. Loomis, Esq.
Cozen O'Connor
Suite 2200, SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308
kloomis@cozen.com

Suite 2400
Atlanta, GA 30326
jbonnie@wwhgd.com

Philip Wade Savrin, Esq.
Freeman Mathis Gary
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
psavrin@fmglaw.com

Jan L Pocaterra, Esq.
Eldon S. Edson, Esq.
Neil H. Selman, Esq.
Selman Breitman LLP
11766 Wilshire Blvd, 6th Floor
Los Angeles, CA 90025
jpocaterra@selmanbreitman.com
eedson@selmanbreitman.com
nselman@selmanbreitman.com

Respectfully submitted this 20th day of December, 2011.

                              */s/ Wayne D. Taylor*
                              Wayne D. Taylor

315388